IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JEFFREY DOLAND,

    Petitioner,

v.                                          Case No. 4:19cv545-MCR/CAS

FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER PETITION

On or about October 28, 2019, Petitioner Jeffrey Doland, a state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He has not paid the filing fee or submitted a motion for leave to proceed in forma pauperis. *See id*.

Petitions under section § 2241 are properly filed in the jurisdiction in which the petitioner is incarcerated. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). In this case, Petitioner Doland is incarcerated at the Moore Haven Correctional Facility in Moore Haven, Florida, which is located in Glades County, in the Middle District of Florida, Fort Myers Division. *See* ECF No.

1; 28 U.S.C. § 89(b); M.D. Fla. R. 1.02(b)(5).

Because Petitioner Doland is not incarcerated in the Northern District of Florida, this Court lacks jurisdiction over the § 2241 habeas petition. Therefore, it is therefore respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Fort Myers Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 5, 2019.

> S/ Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.